# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JASPER EDWARDS, :

    Plaintiff : CIVIL ACTION NO. 3:18-787

v. : JUDGE MANNION

ANDREW SAUL[1], :

    Defendant :

# O R D E R

Pending before the court is the report of Magistrate Judge Martin C. Carlson which recommends that the plaintiff's appeal of the decision of the Commissioner of Social Security be denied and the Commissioner's final decision denying the plaintiff's claim for benefits be affirmed. (Doc. 13). The plaintiff has filed objections to the report. (Doc. 14). The Commissioner has filed a response to the plaintiff's objections. (Doc. 15). Upon review of the record in this matter, the plaintiff's objections will be **OVERRULED**, the report and recommendation of Judge Carlson will be **ADOPTED IN ITS ENTIRETY** and the Clerk of Court will be directed to **CLOSE THIS CASE**.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v.

---

[1]Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. See Fed.R.Civ.P. 25(d).

Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The plaintiff filed an application for disability benefits pursuant to Title II of the Social Security Act ("Act") claiming disability based upon a heart attack and back injuries. The plaintiff's claim was denied upon initial administrative review and, as a result, the plaintiff requested a hearing before an administrative law judge ("ALJ"). A hearing was conducted at which the

plaintiff was represented by counsel.

The evidence of record, among other things, included the opinions of the plaintiff's two treating physicians indicating that he was capable of returning to work (and had, in fact, reported working after his alleged onset date) and the opinions of two consulting source opinions indicating that he was completely disabled and unable to return to work. In considering these opinions, as well as the other evidence of record, the ALJ found that the plaintiff had not been disabled within the meaning of the Act and concluded that the plaintiff could perform a limited range of light work activity. The plaintiff's application for benefits was therefore denied. The plaintiff appealed the ALJ's decision to the Appeals Council which denied his request for review making the ALJ's decision the final decision of the Commissioner.

The plaintiff filed the instant action on April 11, 2018, arguing that substantial evidence does not support the ALJ's residual functional capacity ("RFC") assessment and that there are multiple errors with regard to the ALJ's symptom assessment. In considering the plaintiff's claims, Judge Carlson determined that the decision of the ALJ is supported by substantial evidence. As such, Judge Carlson recommended that the plaintiff's appeal be denied and the Commissioner's decision be affirmed.

The plaintiff filed objections to Judge Carlson's report to which the Commissioner has responded. Upon review, the plaintiff argues again, as he

3

did in his initial and reply briefs, that the ALJ's decision is not supported by substantial evidence as she erred in her RFC assessment and in her symptom evaluation. The plaintiff argues that Judge Carlson erred in his report finding otherwise. The court has reviewed Judge Carlson's report and the record in this case and finds that Judge Carlson's report thoroughly explains why the ALJ's decision is, in fact, supported by substantial evidence.[2] In his report, Judge Carlson discusses, among other things, the laws and regulations applicable to the ALJ's determinations relating to a claimant's RFC assessment, as well as to medical and lay testimony and subjective complaints. He further discusses the deferential standard which limits this court's review of an ALJ's determinations on such matters and why, on the facts of this case, the ALJ's decision was supported by substantial evidence under that standard of review. Because the court agrees with the sound reasoning that led Judge Carlson to his conclusions, the court will overrule the plaintiff's objections and adopt Judge Carlson's report in its entirety as the reasoning of the court.

---

[2]Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401 (1971).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The plaintiff's objections **(Doc. 14)** are **OVERRULED**.

**(2)** The report and recommendation of Judge Carlson **(Doc. 13)**, is **ADOPTED IN ITS ENTIRETY AS THE RULING OF THE COURT**.

**(3)** The plaintiff's appeal is **DENIED** and the decision of the Commissioner is **AFFIRMED**.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 30, 2019**
18-787-01.wpd